JAMLS W. DIAMENT v. WARRINGTON LORE.

1. The order and proceedings of an Orphans Court, made upon an application for the partition of land, in cases where that court has jurisdiction, are reviewable in the Prerogative Court alone.
2. A gift of the rents and profits of land, in the absence of any expression of a different intention, is tantamount to a devise of the land itself.
3. It is not necessary for the party applying for partition to show that he is a tenant in common of the fee, or even of the freehold.
4. If he be tenant in common of an estate for years in the premises sought to be divided with another, who is seized in fee, the Orphans Court has jurisdiction, and no *certiorari* will lie to review its proceedings.

On *certiorari* to remove into this court the decree and proceedings of the Orphans Court of the county of Cumberland, in matter of partition.

The case was argued (in the branch court) before the CHIEF JUSTICE and Justice ELMER, by *Peter L. Voorhees*, for the plaintiff, and *John T. Nixon*, for the defendant.

The opinion of the court, which gives the facts of the case, was delivered by

BEASLEY, C. J.     This *certiorari* brings up the proceedings before the Orphans Court of the county of Cumberland, on an application made by Warrington Lore, the defendant in this suit, for a partition of certain lands.

The constitution of this state declares that "all persons aggrieved by any order, sentence, or decree of the Orphans Court, may appeal from the same or from any part thereof to the Prerogative Court; but such order, sentence, or decree, shall not be removed into the Supreme Court or Circuit.

Court, if the subject matter thereof be within the jurisdiction of the Orphans Court." *Article VI.*, § 4, *page* 31.* It is obvious, therefore, that no objections to these proceedings can be entertained in this court, which are not directed against the jurisdiction of the Orphans Court. For all irregularities or even essential defects in the conduct of the case, the remedy is by an appeal to the Prerogative Court.

There was, however, one error alleged to exist in these proceedings, which, as it tends directly to challenge the jurisdictional authority of the court below, it will be necessary to consider.

It was alleged, on the argument, that Warrington Lore, the party who made the application to the Orphans Court, was not a tenant in common in the premises in question.

It appears from the evidence taken in this case, that the land in controversy was derived from one James Diament, who, by his will, bearing date the 14th March, 1850, after giving certain bequests and directing a sale of about fifty acres of bush land, disposes of the rest of his property by a general residuary clause, in the following words : " All the residue of my estate, after the payment of legacies, debts, and expenses, both real and personal, I give and devise to my two children, James W. and Martha, equally to be divided amongst them, share and share alike, in fee simple." James W. Diament, one of the residuary legatees, was appointed executor. On the 14th March, 1852, the testator made a codicil to his will, wherein, after reciting that his daughter Martha had departed this life leaving one child, Warrington Lore, and that he was desirous of making a change in his said will, in so far as the share of his said daughter was concerned, he declared his purpose as follows : " I do hereby revoke all that part of the foregoing will which gives any share of my real and personal estate to my said daughter Martha, and do give and devise to my said grandson, Warrington Lore, the rents, issues, and profits of the one equal third part of all my real estate, to be paid to him yearly for his maintenance and education until he shall arrive at the full age of twenty-

*Rev.*, p. 25.

one years; and if he shall live to the age of twenty-one years, I then give and devise the said third part of my real estate to him in fee simple; but if he should die before twenty-one years of age, I then give and devise the said one third part to my son, James W. Diament, and to his heirs and assigns forever. It is further my will that the portion of my personal estate in my said will, bequeathed to my said daughter shall go to my said son, James W. Diament."

It seems to me to be clear that, by force of these testamentary dispositions, Warrington Lore, upon the death of the testator, became a tenant in common of the premises in question with his uncle, James W. Diament. The rents and profits of one-third of the lands embraced in the residuary clause, are given to him for his maintenance and education until he arrives at his majority. A gift of the rents and profts of land, in the absence of any expression of a different intention, is tantamount to a devise of the land itself. This has been frequently held. In *Reed* v. *Reed,* 9 *Mass.* 372, a devise of one-third of the income of the testator's real estate to his widow for her life, was considered to be, in effect, a devise of the lands for that period. This case was referred to, and the same doctrine maintained in *Den* v. *Manners, Spencer* 144. Other cases, in all of which this rule is treated as one which is entirely settled, will be found collected in the ordinary text books. 1 *Wms. Ex'rs* 732, *n, m;* 2 *Jar.* on *Wills* 380.

The cases of *Fox* v. *Phelps,* 17 *Wend.* 393, and *Earl* v. *Grim.,* 1 *Johns. Ch.* 494, which were relied upon by the counsel of the plaintiff in *certiorari,* do not militate with the principle above stated. They merely establish the doctrine, which is unquestionable, that a gift of rents and profits for a limited time will not carry the fee in the lands. But as it is not necessary for the party applying for partition, to show that he is a tenant in common of the fee, or even of the freehold, these authorities can have no possible bearing on the case.

The petitioner being a tenant in common of an estate for

years in the premises sought to be divided with the plaintiff in *certiorari*, who was seized in fee, the pretence of a want of jurisdiction in the Orphans Court is entirely without foundation.

It is also further to be noticed, that it would seem that one-sixth part of the land in question has not been disposed of by the testator. The will gave the land in undivided moieties to the son and daughter.

This would have made them tenants in common, and not joint tenants. Upon the death of the daughter, the testator, by his codicil, revoked the devise to her, and then proceeded to dispose of only one-third of his land instead of the one-half, as he had originally done. Thus he died intestate as to the one-sixth of the realty embraced in the residuary clause. It is obvious that the revocation of the devise to the daughter vested, *per se*, no new interest or estate in the son. If the estate created by the will in the son and daughter had been a joint tenancy, the effect of the subsequent revocation, as to one of the devisees, would have been to place the whole of such part of the realty as the testator did not expressly dispose of, in the other devisee; but this rule does not obtain in tenancies in common. As between tenants of this latter class, their shares, in case of the failure or revocation of a devise to any of them, will descend to the heir-at-law of the testator. *Cresswell* v. *Cheslyn*, 2 *Eden* 123; *S. C.*, 3 *B. P. C.* 246; *Sackett* v. *Mallory*, 1 *Met.* 355.

Upon this hypothesis, the one-sixth of the premises in question has descended to the petitioner and to the son of the testator, as his heirs-at-law. This circumstance also would bring the case, on an application for partition, within the legitimate power of the Orphans Court.

The prosecutor of this suit has mistaken, therefore, his remedy. If the proceedings below are erroneous, they can be rectified only in the mode prescribed in the constitution—by appeal to the Prerogative Court.

The *certiorari* should be dismissed with costs.

CITED in *Burnett* v. *Eaton*, 1 *Stew.* 474, *as Demarest* v. *Love.*